IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREDRICK BERNARD MOSLEY, #233819, ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | CASE NO. 1:23cv-00333-RAH [WO] |
| GUY NOE, ) ) | |
| Respondent. ) | |

# MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Fredrick Bernard Mosley, an inmate proceeding *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 8.) Thereafter, Respondent filed an Answer, which argues "that Mosley's claims are time-barred, unexhausted, and procedurally defaulted." (Doc. 13 at 1.) On November 11, 2023, the Court ordered Mosley to "show cause why his [P]etition should not be dismissed for the reasons cited by Respondent." (Doc. 14 at 1.) Mosley filed an Answer to Respondent, which the Court construes as a response, on December 6, 2023, (doc. 15), and a "Reason fo[r] [E]videntiary Hearing" on December 11, 2023, (doc. 16). Upon consideration of the parties' filings, and for the reasons set forth below, Mosley's § 2254 Petition will be denied without an evidentiary hearing, and this case will be dismissed with prejudice.

## II.     BACKGROUND

### A.   Houston County Circuit Court Case Nos. CC-08-287.20; CC.08-288.70; CC-08.289.70; CC-08-567.70; CC-08-1237.70

Mosley was convicted of five counts of second-degree possession of marijuana in violation of Ala. Code § 13A-12-1214 (1975), and the state circuit court sentenced him to concurrent terms of twenty years imprisonment. (Doc. 13-6 at 1.) On June 2, 2011, Mosley was arrested for violating the terms and conditions of probation, which the circuit court revoked after a hearing. (*Id.* at 1–2.) Mosley directly appealed the revocation of his probation to the Alabama Court of Criminal Appeals ("ACCA") and argued that (1) the circuit "[c]ourt erred in failing to issue a complete written order detailing the reasons relied upon by the [c]ourt in revoking probation and also detailing the evidence relied upon to revoke probation," and (2) "it is not clear whether [he] was advised of his rights as required for his initial appearance." (Doc. 13-2 at 17, 19.) On February 3, 2012, the ACCA affirmed the circuit court's judgment. *Mosley v. State*, 130 So. 3d 586 (Table) (Ala. Crim. App. 2012). Mosley did not file an application for rehearing or a petition for writ of certiorari with the Alabama Supreme Court ("ASC"), and on April 26, 2012, the ACCA issued a certificate of judgment. (Doc. 13-7.)

On December 29, 2014, Mosley filed an *untimely* "Petition for Relief from Conviction or Sentence (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)." (Doc. 13-8 at 16, 22.) The circuit court denied the petition. (Doc. 13-

8 at 31.) On June 26, 2015, the ACCA affirmed the circuit court's denial of postconviction relief. *Mosley v. State*, 213 So. 3d 649 (Table) (Ala. Crim. App. 2015). Mosley filed a petition for rehearing with the ACCA on July 3, 2015, and argued that his sentences were illegal. (Doc. 13-12 at 2–3.) The ACCA overruled the application for rehearing on August 7, 2015, (doc. 13-13), and entered a certificate of judgment on August 26, 2015, (doc. 13-14).

On April 17, 2018, Mosley filed another "Petition for Relief from Conviction or Sentence Pursuant to Rule 32, Alabama Rules of Criminal Procedure." (Doc. 13-15 at 1, 9.) On July 11, 2018, the circuit court entered an Order in which it "reaffirm[ed] the original sentences entered in the aforementioned cases finding that they are legal sentences under the Law of the State of Alabama." (Doc. 13-16 at 2.) Mosley appealed the dismissal of his second Rule 32 petition, and the ACCA dismissed the petition as *untimely* filed. (Doc. 13-17.) The ACCA issued a certificate of judgment on February 21, 2019. (*Id.*)

On September 13, 2021, Mosley filed a petition for writ of mandamus, (doc. 13-18), and the ACCA denied the petition on January 5, 2022, (doc. 13-19).

### B. Houston County Circuit Court Case No. CC-12-03

In 2013, Mosley was convicted of possession of marijuana for other than personal use in violation of Ala. Code § 13A-12-213 (1975). (Doc. 13-23 at 5–6.) Mosley appealed his conviction to the ACCA, (doc. 13-22), and on December 13,

2013, the ACCA affirmed the conviction, *Mosley v. State*, 173 So. 3d 9 (Table) (Ala. Crim. App. 2013). On December 23, 2013, Mosley petitioned the ACCA for a rehearing, (doc. 13-25 at 1, 4), which it overruled, (doc. 13-26). Mosley petitioned the ASC for a writ of certiorari. (Doc. 13-27.) The ASC denied the petition and on April 11, 2014, issued a certificate of judgment.

On April 7, 2015, Mosley timely filed a "Petition for Relief from Conviction or Sentence (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)." (Doc. 13-29 at 8, 14.) After the circuit court dismissed the petition, (*id.* at 32), Mosley appealed, (doc. 13-30). On December 18, 2015, the ACCA affirmed the circuit court's judgment. *Mosley v. State*, 222 So. 3d 425 (Table) (Ala. Crim App. 2015). Mosley did not file an application for rehearing or petition the ASC for a writ of certiorari. On January 7, 2016, the ACCA entered a certificate of judgment. (Doc. 13-33.)

Mosley filed the instant Petition on August 29, 2023. (Doc. 8).

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    **A.**    **Houston County Circuit Court Case Nos. CC-08-287.20; CC.08-288.70; CC-08.289.70; CC-08-567.70; CC-08-1237.70**

        **1.**    **Computation of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review." Here, the ACCA issued its certificate of judgment on April 26, 2012. (Doc. 13-7). Mosley did not file an application for rehearing or a petition for writ of certiorari with the ASC. Thus,

absent statutory or equitable tolling, Mosley had until April 26, 2013, to file a § 2254 petition. However, Mosley did not file his § 2254 petition until August 29, 2023—over ten years later.

### 2. Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency of a properly (and timely) filed state court petition. *See id.*

Here, Mosley did not file his "Petition for Relief from Conviction or Sentence (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)" until December 29, 2014, which was 18 months after the ACCA issued its certificate of judgment. (Doc. 13-8 at 22.)

Under Rule 32.2(c) of the Alabama Rules of Criminal Procedure, a "petition for relief from a conviction or sentence" must be filed "within (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R. App. P." Mosley failed to timely file his postconviction petition by April 26, 2013. As a result, the postconviction petition was not properly filed. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a state court petition filed after expiration of the federal limitation period cannot toll that period because there is no period to be tolled). Thus, Mosley is not entitled to statutory tolling.

### 3. Equitable Tolling

The AEDPA's limitation period may be equitably tolled on grounds other than those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (citations omitted). However, "equitable tolling is an extraordinary remedy . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam) (internal quotation marks and citation omitted). The United States Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted).

Here, when ordered to show cause why his Petition should not be dismissed because of the reasons stated by Respondent, including that it was filed after expiration of the one-year statute of limitations, Mosley failed to articulate any

reason that could conceivably give rise to equitable tolling. Thus, based on the evidence before the Court, Mosley is not entitled to equitable tolling.

### B. Houston County Circuit Court Case No. CC-12-03

#### 1. Computation of Timeliness

Again, the one-year limitation period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the Alabama Supreme Court issued a certificate of judgment on April 11, 2014, (doc. 13-28), meaning that Mosley had until April 11, 2015, to file the instant Petition. Mosley filed the Petition in August 2023, over eight years later.

#### 2. Statutory Tolling

Under AEDPA, the one-year limitation period is tolled during the pendency of a properly filed state court petition. 28 U.S.C. § 2244(d)(2).

On April 7, 2015, Mosley filed a timely postconviction petition. (Doc. 13-29 at 8, 14.) As of that date, 361 days had passed since the April 11, 2014, certificate of judgment, leaving four remaining days by which to file a habeas petition. On January 7, 2016, the ACCA issued a certificate of judgment, which concluded the postconviction proceedings. (Doc. 13-33.) Given the four remaining days, Mosley had until January 11, 2016, to file the instant Petition. He failed to do so, as he filed

this Petition on August 29, 2023. As a result, Mosley is not entitled to statutory tolling.

### 3. Equitable Tolling

AEDPA's limitation period may be equitably tolled on grounds other than those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271.

Here, when ordered to show cause as to why his Petition should not be dismissed because of the reasons stated by Respondent, including that it was filed after expiration of the one-year statute of limitations, Mosley failed to provide any basis that could give rise to equitable tolling. Therefore, Mosley is not entitled to equitable tolling.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, Fredrick Bernard Mosley's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (doc. 8) is **DENIED**. The Clerk is **ORDERED** to close the case.

DONE, on this the 25th day of July 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE